UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL MCAFEE, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:18-cv-1486-JMB |
| | ) | |
| CLAYTON COUNTY JUSTICE CENTER, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Michael McAfee, an inmate at the Southeast Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $13.39. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will give plaintiff the opportunity to submit an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $66.93. The Court will therefore assess an initial partial filing fee of $13.39, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against "Clayton County Justice Center" (presumably a reference to the St. Louis County Justice Center) and University City police detectives Frederick Lemons and Jesse Meindhart. Plaintiff does not specify the capacity in which he sues the defendants.

According to the complaint, plaintiff was arrested on March 27, 2015 and charged with first-degree murder. The next day, Lemons and Meindhart interrogated him. They said they knew plaintiff killed the victim, and when plaintiff did not confess, they started hitting him and threatening him. Plaintiff got scared, and made up a story. Plaintiff also alleges that "two transporters" from the County Justice Center beat him up and slammed his head into the wall.

3

In setting forth his prayer for relief, plaintiff states he did not kill anyone and they have no proof that he did. He states he wants his freedom, and that he took a beating and the officers should be held accountable. He states he was beaten by Lemons and Meindhart, and he wants $10 million for pain and suffering and false incarceration.

Attached to the complaint is a document titled "Order Under Civil Matters." The document is composed in the form of a long and rambling narrative that addresses various topics, including wrongdoing by Lemons and Meindhart, the alleged ineffectiveness of plaintiff's attorney, and various infirmities in his state court criminal proceedings. He states he wants this Court to acquit him, or give him a new trial.

## Discussion

As pleaded, the complaint is subject to dismissal. Plaintiff does not specify whether he sues Lemons and Meindhart in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Based upon plaintiff's allegations, Lemons and Meindhart are employed by the University City Police Department, which is not an entity subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such). In addition, the complaint fails to state a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978).

Plaintiff's claims against the "Clayton County Justice Center" fail as a matter of law. Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *see also Ballard v. Missouri*, Case No. 4:13-cv-528-JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"); *see also Wallace v. St. Louis City Justice Ctr.*, Case No. 4:12-cv-2291-JAR (E.D. Mo. Jul. 17, 2013) (dismissing claims against the St. Louis City Justice Center because it is not a suable entity).

Finally, as clearly set forth on the form complaint, to the extent plaintiff seeks relief that affects the length or duration of his imprisonment, he must bring an action pursuant to 28 U.S.C. § 2254. Plaintiff is further advised that before bringing an action pursuant to § 2254, he must exhaust his available state court remedies.[1]

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately

---

[1] As of the date of this Memorandum and Order, it appears plaintiff has not exhausted his available state remedies. Review of Missouri Case.net, the State of Missouri's online docketing system, shows that plaintiff filed a motion for post-conviction relief on August 7, 2018, and that the motion remains pending. *See McAfee v. State of Missouri*, No. 18SL-CC02954 (21st Jud. Cir. 2018).

numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff should include all of his claims in a single complaint, rather than attach exhibits or supplemental documents.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[2]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal from this case.

Accordingly,

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $13.39. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely file an amended complaint in accordance with the instructions in this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

                                                */s/ John M. Bodenhausen*
                                                JOHN M. BODENHAUSEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of October, 2018.