| | | |
|---|---|---|
| MICHAEL MCAFEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1486-JMB |
| | ) | |
| CLAYTON COUNTY JUSTICE | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Michael McAfee's amended complaint. For the reasons explained below, the Court will direct plaintiff to file a second amended complaint.

### Background

Plaintiff is a prisoner who is proceeding herein *pro se* and *in forma pauperis*. He initiated this civil action on September 4, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against "Clayton County Justice Center," and against University City police detectives Frederick Lemons and Jesse Meindhart. He did not specify the capacity in which he sued Lemons or Meindhart. He alleged, *inter alia*, that Lemons and Meindhart hit, threatened and beat him. Attached to the complaint was a document titled "Order Under Civil Matters." The document contained a long and rambling narrative about various topics, including wrongdoing by Lemons and Meindhart, the alleged ineffectiveness of plaintiff's attorney, and various infirmities in his state court criminal proceedings. He asked this Court to acquit him, or give him a new trial.

Upon initial review, the Court noted that plaintiff's complaint was defective and subject to dismissal. The Court determined that plaintiff's claims against "Clayton County Justice Center" failed as a matter of law, and also determined that the complaint failed to state a viable claim for relief against Lemons or Meindhart. The Court also noted that if plaintiff wished to seek relief that affected the fact or duration of his confinement, he must bring an action pursuant to 28 U.S.C. § 2254 after exhausting his available state court remedies.[1] In consideration of plaintiff's *pro se* status, the Court gave plaintiff the opportunity to file an amended complaint to cure the defects. In so doing, the Court specifically instructed plaintiff that, *inter alia*, all of his claims must be included in a single document, rather than in attached exhibits or supplemental documents.

On November 26, 2018, plaintiff filed an amended complaint. Appended to the amended complaint is a document titled "Request for Counsel and my Plea for Justice." (Docket No. 6 at 16). On December 28, 2018, plaintiff filed an eleven-page supplemental document, setting forth claims that plaintiff stated he "would like added to my 42 U.S.C. § 1983 form." (Docket No. 8 at 1).

### The Amended Complaint and the Supplemental Pleading

In the amended complaint, plaintiff names "Clayton County Justice" and University City law enforcement officers Frederick Lemons and Jesse Meindhart as defendants. He states he sues Lemons and Meindhart in their official and individual capacities.

---

[1] Review of Missouri Case.net, the State of Missouri's online docketing system, shows that on November 4, 2016, a jury convicted plaintiff of Murder in the First Degree and Armed Criminal Action. *State of Missouri v. Michael McAfee*, No. 15SL-CR02152-01 (21st Jud. Cir. 2015). On December 8, 2016, plaintiff was sentenced to serve concurrent life sentences. His convictions and sentences were affirmed on appeal. *State v. Michael McAfee,* No. ED105129 (E.D. Mo. 2018). On August 7, 2018, plaintiff filed a motion for post-conviction relief. *See McAfee v. State of Missouri*, No. 18SL-CC02954 (21st Jud. Cir. 2018). As of the date of this Memorandum and Order, that motion remains pending.

According to the amended complaint, on "March 27, 2015," plaintiff was arrested in Arizona, and the next day, "St. Louis University Police" showed up and started questioning him. (Docket No. 6 at 4). Because plaintiff did not answer the way they wanted him to, they started hitting him. On November 3 or 4, 2016 in St. Louis, Lemons took the witness stand, and plaintiff said "they beat me." *Id.* Two "courts escorts" grabbed him and slammed him into walls. Plaintiff writes that Lemons and Meindhart beat him, and that the court escorts slammed him into an elevator wall.

Later in the amended complaint, plaintiff alleges that, on "March 28, 2015," Lemons and Meindhart came to Arizona to question him. During the questioning, plaintiff answered questions by stating he did not remember. Lemons started punching him in the face, and threatening him. Next, plaintiff alleges that, on "March 28, 2018," Meindhart came to Arizona with his partner Lemons, and got angry when plaintiff did not answer the things he wanted him to answer. *Id.* Plaintiff alleges that Meindhart "also started to hit me and hurt me punching me in the side of my head and face and I started to get dizzy and scared." *Id.* "They" started telling plaintiff that he would not make it home, so plaintiff made up things as they interrogated him. *Id.* at 6. Plaintiff ultimately stated that he "ended her life," and alleges he was forced to write that in a statement. *Id.*

Plaintiff alleges he was beaten very badly, and he describes appearing in court with injuries. He complains about the medical care he received in Arizona and in St. Louis, and he describes suffering from various medical problems. Plaintiff claims that two court escorts slammed his head into walls, causing neck pain. Plaintiff is not entirely sure of their names. Plaintiff also states that the Arizona facility is responsible for allowing him to be abused. He alleges he was forced to confess to a crime he did not commit and for which he is now

imprisoned. He explains the impact his conviction and incarceration have had on his life. As relief, he seeks a total of $10 million.

In the document appended to the amended complaint, plaintiff asserts his innocence, and he suggests he was wrongfully convicted. For example, plaintiff states his fingerprints were not found at the scene, he had no gun powder on him or his clothing, "they" never said whose DNA was found on the victim, and "the police" treated plaintiff like it did not matter. (Docket No. 6 at 16). Plaintiff claims a witness said he saw someone who looked like him, and that an officer was accused of coercion. Plaintiff writes, "I know this case is civil but I need to be heard because [they're] trying to take my life from me." *Id.*

After filing the amended complaint, plaintiff filed an eleven-page supplemental document. Plaintiff begins the document by writing: "Here's a statement I would like added to my 42 U.S.C. § 1983 form." (Docket No. 8 at 1). He explains that he wants to add things he forgot to mention, or did not have time to include in his amended complaint. He cites case law he believes supports his claims. He restates his allegations that Lemons and Meindhart beat him during questioning. He also states he seeks to add two "John Doe" defendants, the jail escorts who slammed him into the walls, as well as a captain who stood by and watched. He sets forth a long narrative in which he asserts his innocence, suggests that the evidence was insufficient to convict him, claims his evidence showed he could not have committed the crime, that errors occurred when he was being investigated and prosecuted in state court, and that his attorney committed errors and failed to adequately represent him. He repeats his prayer for monetary relief, he states he deserves his day in court, and he states he wants his freedom.

**Discussion**

It is apparent that plaintiff wishes to sue Lemons and Meindhart for their allegedly wrongful conduct during his interrogation. However, plaintiff's claims against Lemons and Meindhart are somewhat obscured within an unnecessarily long pleading and supplemental pleading, both of which contain a great deal of unnecessary and irrelevant information. In addition, plaintiff clearly alleges that his interrogation took place on two different dates: March 28, 2015 and March 28, 2018. Plaintiff should be given the opportunity to clarify when the allegedly wrongful conduct occurred. It is also apparent that plaintiff intends to bring claims against two "court escorts," but he does not name them as defendants in the amended complaint. Additionally, despite the Court's prior determination that the "Clayton County Justice Center" was not an entity that could be sued in this action, plaintiff once again attempts to name this entity as a defendant. Plaintiff also attempts to amend his amended complaint by filing a supplemental document, despite being previously advised that doing so was impermissible. Finally, in his amended complaint and in his supplemental document, plaintiff brings claims challenging his convictions, despite being previously advised that such claims can only be brought in an action pursuant to 28 U.S.C. § 2254 after exhausting available state remedies.

In consideration of plaintiff's *pro se* status, the Court will give him the opportunity to file a second amended complaint. Plaintiff is warned that the filing of a second amended complaint replaces the original and amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the second amended complaint on a court-provided form, and he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires plaintiff to set forth a <u>short and plain</u> statement of the claim showing entitlement to relief, and it also requires that each averment be

simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff should include all of his claims in the second amended complaint, rather than attach exhibits or file supplemental documents.

In the "Caption" section of the second amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each person he wishes to sue. If plaintiff does not know a person's name, he may use a fictitious name such as "John Doe" or "Jane Doe." Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[2] Plaintiff should not name a person as a defendant unless that person is directly related to his claim for relief.

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). Plaintiff should only include information that is directly related to his claim or claims for relief.

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

defendant. Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal from this case.

Finally, to the extent plaintiff can be understood to request the appointment of counsel, such request is denied, without prejudice to being reasserted if and when plaintiff alleges a *prima facie* claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this Order, plaintiff must file a second amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this Memorandum and Order shall result in the dismissal of this case, without prejudice and without further notice.**


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of January, 2019.