# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCAFEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-cv-1486-JMB ) |
| CLAYTON COUNTY JUSTICE CENTER, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Michael McAfee's second amended complaint. For the reasons explained below, the Court will partially dismiss the second amended complaint, and issue process upon defendants Frederick Lemons and Jesse Meindhart in their individual capacities.

## Background

The background of this case is fully set forth in the prior orders of the Court. However, following is a brief recitation. Plaintiff is a Missouri state prisoner who is proceeding herein pro se and in forma pauperis.[1] He initiated this civil action on September 4, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against "Clayton County Justice Center" and University City police detectives Frederick Lemons and Jesse Meindhart. The complaint focused upon alleged beatings perpetrated by Lemons and Meindhart during a custodial interrogation in Arizona in March of 2015. However, plaintiff's allegations failed to state a plausible claim for relief against either defendant. The complaint also appeared to assert unrelated claims against

---

[1] Review of Missouri Case.net shows that plaintiff was convicted of first-degree murder and armed criminal action in November of 2016, and was sentenced in December of 2016 to two concurrent counts of life without parole. *State v. Michael McAfee,* No. 15SL-CR02152-01 (21st Jud. Cir. 2015).

additional defendants, and plaintiff attempted to assert even more unrelated claims in a supplemental document. The Court gave plaintiff the opportunity to file an amended complaint to set forth all of his claims for relief. In so doing, the Court gave plaintiff clear instructions about how to conform his amended complaint to the Federal Rules of Civil Procedure, including Rule 20(a)(2) and Rule 18(a).

Plaintiff filed an amended complaint, but upon initial review the Court determined it was defective for many of the same reasons as the original. While the complaint focused upon the same alleged beatings by Lemons and Meindhart, those claims were obscured in an unnecessarily long pleading and supplemental pleading, both of which contained a great deal of unnecessary and irrelevant information. Additionally, plaintiff offered inconsistent allegations concerning when the beatings occurred, and he again attempted to assert unrelated claims against additional defendants. More specifically, plaintiff alleged wrongdoing on the part of two "court escorts" in St. Louis, Missouri in November of 2016, and he stated he received inadequate medical care while incarcerated in both Arizona and St. Louis. The Court again gave plaintiff the opportunity to amend his pleading, again giving him clear instructions about how to conform his pleading to the Federal Rules of Civil Procedure, including Rules 20(a)(2) and Rule 18(a). Plaintiff has now filed a second amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915.

**The Second Amended Complaint**

Plaintiff brings the second amended complaint pursuant to 42 U.S.C. § 1983 against University City police detectives Frederick Lemons and Jesse Meindhart; St. Louis County Justice Center employees John Doe Escort #1, John Doe Escort #2, and Captain Tressell;[2] and

---

[2] Plaintiff uses two different spellings for this defendant's surname. The Court will use the spelling "Tressell," which is the spelling plaintiff most often uses.

"Arizona Correctional Officers." Plaintiff states he sues the defendants in their official and individual capacities.

Plaintiff first alleges that, on or about March 28, 2015 in Arizona, Lemons and Meindhart questioned him in connection with a murder. During the questioning, plaintiff did not answer the way Lemons wanted him to, so Lemons punched plaintiff in his eyes and head. After this, Meindhart punched plaintiff in his face and the side and back of his head. Plaintiff was afraid and asked the detectives to give him until the next day, but they said no. Plaintiff alleges he made up a story for the detectives because he was scared, and that he "was overborned [*sic*] by physical beating so he decided to make up a story to save his life." Plaintiff also alleges that Meindhart "told plaintiff he had to say . . . he shot victim or they won't believe it."

Next, plaintiff alleges that, on or about November 2 or 3, 2016 during his criminal trial in St. Louis, the two John Doe defendants beat him, and Captain Tressell watched without intervening. Next, plaintiff alleges that, on or about March 29, 2015 in Arizona, four Arizona correctional officers woke him and put him in a cell with a concrete bed and no toilet, and a drain that smelled of urine. Finally, plaintiff alleges that, a few days later, an Arizona officer poked him in his chest and, using profanity, told him to not start anything. Plaintiff states he does not remember the names of the Arizona officers, but would recognize their faces.

## Discussion

It is clear that plaintiff's primary claims are those against Lemons and Meindhart. Liberally construed, plaintiff's allegations that these defendants used excessive force against him and coerced his confession during a custodial interrogation in March of 2015 sufficiently state plausible claims for relief against them in their individual capacities. Therefore, these claims will be allowed to proceed. However, plaintiff's official capacity claims against Lemons and

Meindhart will be dismissed, without prejudice. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him, which in this case is the University City Police Department. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Municipal departments, such as police departments, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Additionally, the second amended complaint fails to state a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

Plaintiff's claims against John Doe Escort #1, John Doe Escort #2, and Captain Tressell will also be dismissed, without prejudice. Plaintiff claims that these defendants committed wrongdoing while he was incarcerated in the St. Louis County Justice Center in St. Louis in November of 2016. However, plaintiff's claims against these defendants do not arise out of the same transaction or occurrence, or series of transactions or occurrences, as plaintiff's claims against Lemons and Meindhart, nor is there a question of law or fact common to all these defendants. *See* Fed. R. Civ. P. 20(a)(2). As noted above, the Court repeatedly cautioned plaintiff that he was required to follow Rule 20(a)(2). However, plaintiff has failed to do so. The Court therefore concludes that it would be futile to give plaintiff another opportunity to amend his pleading, and will dismiss plaintiff's claims against John Doe Escort #1, John Doe Escort #2, and Captain Tressell, without prejudice. *See id.* Nothing in this Memorandum and Order shall be construed as preventing plaintiff from bringing claims against these defendants in a separate civil action.

Plaintiff's claims against "Arizona Correctional Officers" will also be dismissed. First, as with plaintiff's claims against the Doe defendants and Captain Tressell, plaintiff's claims against "Arizona Correctional Officers" do not arise out the same transaction or occurrence, or

series of transactions or occurrences, as his claims against Lemons and Meindhart, nor is there a question of law or fact common to these defendants. *See id.* Additionally, plaintiff has failed to make sufficiently specific allegations against "Arizona Correctional Officers" to permit their identification after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). For these reasons, plaintiff's claims against "Arizona Correctional Officers" will be dismissed, without prejudice. Nothing in this Memorandum and Order shall be construed as preventing plaintiff from bringing claims against these defendants in a separate civil action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims against Frederick Lemons and Jesse Meindhart are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, or cause process to issue, as to defendants Frederick Lemons and Jesse Meindhart.

**IT IS FURTHER ORDERED** that defendants John Doe Escort #1, John Doe Escort #2, Captain Tressell, and Arizona Correctional Officers are **DISMISSED** from this action, without prejudice.

A separate order of partial dismissal will be entered herewith.

Dated this 8th day of July, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE