UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MCAFEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-01486-SNLJ |
| | ) | |
| CLAYTON COUNTY JUSTICE | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Michael McAfee's *pro se* motion for change of judge (ECF 28). As a basis for his motion, plaintiff says the undersigned has a "prior bias history … in African American cases" and has "more credibility towards police officers." A judge "should not recuse themselves solely because a party *claims* an appearance of partiality." *In Re Medtronic, Inc. v. Sprint Fidelis Leads Prod. Liab. Litig.*, 601 F.Supp.2d 1120, 1128 (D. Minn. 2009) (emphasis in original). Moreover, prior "judicial rulings"—whatever plaintiff believes them to show—"rarely establish a valid basis for recusal." *U.S. v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013). Simply put, plaintiff's baseless accusations fail to show the sort of "deep-seated antagonism that would make fair judgments impossible." *U.S. v. Larsen*, 427 F.3d 1091, 1095 (8th Cir. 2005); *see also Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985) ("Conclusory statements [of bias] are of no effect. Nor are counsel's unsupported beliefs and

assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined.").

**IT IS HEREBY ORDERED** that plaintiff's motion for change of judge (ECF 28) is **DENIED**.

So ordered this 31st day of October 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE