# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCAFEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FREDERICK LEMONS & ) <br> JESSE MEINDHART, ) <br> ) <br> Defendants. ) | Case No. 4:18-cv-1486-MTS |

## MEMORANDUM AND ORDER

This case is before the Court on Defendants Frederick Lemons and Jesse Meindhart's Second[1] Motion for Summary Judgment, Doc. [52]. The matter is fully briefed and ready for adjudication. For the reasons stated herein, the Court will grant the Motion.

**I.      Background**

In November 2016, a jury in the Circuit Court of St. Louis County convicted Michael McAfee, the Plaintiff here, of first-degree murder and armed criminal action for shooting his ex-girlfriend, Keisha Powell, to death. *State v. Michael McAfee*, 15SL-CR02152-01 (21st Jud. Cir. of Mo.); Docs. [54-1], [54-4]. Before his criminal trial, McAfee filed a Motion to Suppress incriminating statements he made to law enforcement. Doc. [54-2]. In that motion, he asserted that his statement "was not voluntary" and that he was "subjected to mental and physical duress." *Id.* ¶¶ 1, 3. The trial court "received evidence" and "reviewed the audio/video recording" of McAfee's interview. Doc. [54-3]. It denied his motion to suppress, finding his statements were "voluntary." *Id.* ¶ 10. The court found "no evidence" that law enforcement used "threats, violence, [or] direct or implied promises." *Id.* ¶ 7. In addition, the court found "no evidence"

---

[1] The Court previously denied the first Motion for Summary Judgment based on procedural defects. *See* Doc. [48].

that Plaintiff's rights under the Fourth, Fifth, or Fourteenth Amendments were violated during the interview. *Id.* ¶ 9. After the jury found Plaintiff guilty of both counts,[2] the Missouri Court of Appeals affirmed his convictions and found "no error in the admission of evidence" in Plaintiff's case. *State v. McAfee*, 545 S.W.3d 878, 879 (Mo. Ct. App. 2018) (per curiam).

In this suit, McAfee brought a civil claim under 42 U.S.C. § 1983 alleging excessive force against the two law enforcement officers who interviewed him, the ones to whom he made the incriminating statements he sought to suppress in his criminal trial, Defendants Frederick Lemons and Jesse Meindhart.[3] Doc. [15]. McAfee alleges that while Defendants Lemons and Meindhart questioned him regarding Ms. Powell's murder, they "became physically abusive to him." *Id.* at 6. McAfee asserts Lemons "punched [him] in his eyes and head" and then Meindhart "punched [him] in his face and the side and the back of his head." *Id.* at 7.

In his deposition in this case, McAfee testified that he had "[j]ust one" interaction with Defendants Lemons and Meindhart, the interview during which he claims they repeatedly struck him. Doc. [54-5] at (21:22–22:3). In fact, McAfee said he did not see Defendants again until the court proceedings in his criminal case. *Id.* at (43:16–25). McAfee testified that during his single interaction with Defendants, the interview, each Defendant hit him multiple times. *Id.* at (37:4–5). The violence, McAfee claimed, started soon after the interview began. *Id.* at (35:14–19) ("[I]t wasn't even long in[to] the interview because I kept saying that I didn't know what they w[ere] talking about."). McAfee claimed the beating was so severe that he had to "put [his] hand up" so Defendants would not "disfigure" him. *Id.* at (37:1–4). McAfee claimed Defendant Lemons hit him "so many times," *id.* at (38:4–6), and that he believed Lemons and Meindhart were going to kill him, *id.* at (37:11–13).

---

[2] At trial, Plaintiff recanted the statements he made to law enforcement that he had tried to suppress, and he claimed they were "beat out of him." Doc. [54-4]. The jury found him guilty on both counts.
[3] Plaintiff also brought other claims against other Defendants, which the Court previously dismissed. *See* Doc. [16].

## II.    Summary Judgment Standard

A district court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). The movant "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation marks omitted). "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

## III.   Discussion

Defendants argue they are entitled to summary judgment because collateral estoppel bars Plaintiff's claims in this suit since the court in McAfee's criminal case already found he made his statements voluntarily and that no threats or violence occurred during the interview. It is "beyond doubt" that the defense of collateral estoppel, or issue preclusion, is available in a § 1983 action. *Baker v. McCoy*, 739 F.2d 381, 384 (8th Cir. 1984). To determine whether it is warranted here, the Court looks to Missouri law on collateral estoppel. *Id.*

Under Missouri law, "[c]ollateral estoppel, or issue preclusion, is used to preclude the relitigation of an issue that already has been decided in a different cause of action." *Brown v. Carnahan*, 370 S.W.3d 637, 658 (Mo. banc 2012). Before a prior adjudication can be given preclusive effect, four elements must be shown:

> (1) the issue decided in the prior action was identical to the issue presented in the later action; (2) the prior action resulted in a judgment on the merits; (3) the party against whom estoppel is asserted was a party or was in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Daniels v. Terranova*, 611 S.W.3d 799, 811 (Mo. Ct. App. 2020).

Two particularly on-point cases regarding collateral estoppel under Missouri law guide the Court here. In *Baker v. McCoy*, 572 F. Supp. 266, 267 (E.D. Mo. 1983), *aff'd*, 739 F.2d 381 (8th Cir. 1984), a convicted murderer brought a § 1983 claim against law enforcement officers alleging that they had beaten him after his arrest. Prior to his criminal trial for murder, he moved to suppress an incriminating statement he made while in the custody of the defendants in the later civil suit. *Id.* The criminal court held a hearing, found he had not been beaten prior to the statement, and denied the motion to suppress. *Id.* at 268. He later was convicted of murder. *Id.* The district court found in his § 1983 case that collateral estoppel under Missouri law precluded his claim since all four elements were met, and the Court of Appeals for the Eighth Circuit affirmed. *Id.* at 270; *Baker*, 739 F.2d at 385.

In *Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996), the Eighth Circuit found in a near-identical case that the plaintiff's § 1983 claims were barred by collateral estoppel under Missouri law because plaintiff's excessive force claims necessarily were litigated and decided against him at the suppression hearing he sought in his criminal case. Regarding the first element, the Eighth Circuit found the issue was identical "even though the state trial judge made no explicit findings of fact and law" because the criminal court "necessarily decided" the excessive force issue by denying the motion to suppress. *Id.* at 1096. The court further found his conviction and the denial of the motion to suppress were on the merits, and that he was a party to the prior proceeding. *Id.* Further, Missouri, through the suppression hearing, afforded

him a full and fair opportunity to litigate the claims now raised in the § 1983 action, and he had full incentive to litigate the issues. *Id.* at 1096–97.

*Baker* and *Simmons* demonstrate all four elements of collateral estoppel are present here. First, the issue decided in McAfee's criminal case is identical to the issue presented here.  In his criminal case, McAfee sought to suppress the statements he made to Defendants Lemons and Meindhart during the interview in which he claims they beat him.  Doc. [54-2].  In his motion to suppress he asserted that his statement "was not voluntary" and that Lemons and Meindhart "subjected [him] to mental and physical duress."  *Id.* ¶¶ 1, 3.  The trial court denied the suppression motion, found his statements "voluntary," and specifically found "no evidence of threats, violence, [or] direct or implied promises." Doc. [54-3] ¶¶ 7, 10.  It likewise found "no evidence" that Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments were violated. *Id.* ¶ 9.

The remaining three elements also are plainly met.  Meeting the second element, the prior action resulted in a judgment on the merits.  After denying McAfee's motion to suppress, a jury found him guilty, and the Missouri Court of Appeals affirmed his convictions.  *McAfee*, 545 S.W.3d at 878.  Third, McAfee was the party in his own prior criminal action, and fourth, he had a full and fair opportunity to litigate the issue as well as the incentive to do so.  His attorney argued to the criminal court that it should suppress the statements.  And at his criminal trial, McAfee recanted the statements he made to Lemons and Meindhart and claimed they were "beat out of him."  Doc. [54-4].  The jury found him guilty on both counts.  While McAfee generally argues against summary judgment, he did not dispute any of these facts regarding his criminal case—let alone point to evidence in the record to create a genuine dispute.  Accordingly, collateral estoppel precludes McAfee's present claims.

Even if collateral estoppel did not preclude McAfee's claims, however, he would lose anyway because his claims are false and detached from reality. A video recorded the interview at issue, see Doc. [54-6], as Plaintiff acknowledged in his deposition, *id.* at (38:7–9). The Court viewed that video—the same video the criminal court viewed—in its entirety. *See* Docs. [54-3] at 1; [54-4] at 4. The video shows McAfee enter the interrogation room in which Lemons and Meindhart were waiting. Lemons and Meindhart introduce themselves, McAfee provides his name and personal information, and the interview proceeds. At no point in the video do Lemons or Meindhart strike, punch, or make even the slightest harmful physical contact with McAfee, and at no point in the video does McAfee ever appear to be or act injured. Recall that McAfee testified in his deposition that he was around Lemons and Meindhart only one time, and that they began striking him shortly into their interrogation.[4] Having viewed the video of him with Lemons and Meindhart, the Court can say McAfee's claim is unequivocally untrue.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Second Motion for Summary Judgment, Doc. [52], is **GRANTED**. All other pending Motions are **DENIED** as moot.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 22nd day of March, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[4] Benign details McAfee gave about the interview are true, showing it was that single encounter with Lemons and Meindhart that McAfee references. *See, e.g.*, Doc. [15] (the date it occurred); Doc. [54-5] at (50:16–18) (what Defendants wore); *id.* at (42:14–16) (the food and drink Defendants provided McAfee); *id.* at (27:7–12) (Defendants allowing McAfee's handcuffs to be removed).